## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIPPLE ENTERPRISE, LLC,**

      **Plaintiffs,**

**v.**                                        **CIVIL ACTION NO. 1:13cv146**

**KINGSFORD MANUFACTURING COMPANY,**

      **Defendant and Counterclaimant.**

### ORDER/OPINION

This matter is before the Court pursuant to Defendant Kingsford Manufacturing Company's ("Kingsford's") Motion to Compel [DE 27] filed November 18, 2013.  Plaintiff Tipple Enterprise, LLC ("Tipple") has not filed a response to the motion.  This matter was referred to the undersigned by United States District Judge Irene M. Keeley on November 20, 2013 [DE 28].

Tipple filed a Complaint against Kingsford and Thomas J. Bonner  in this matter in the Circuit Court of Harrison County, West Virginia, on or about April 23, 2013 [DE 1].  The defendants removed the case to this Court on May 21, 2013 [Id.]  Defendant Kingsford filed its Answer to the Complaint as well as a Counterclaim on May 28, 2013 [DE 3].  Defendant Bonner filed a Motion to Dismiss that same date [DE4].  Tipple filed a Motion to Remand on June 20, 2013 [DE 7] and an Answer to the Counterclaim on July 1, 2013 [DE 9].  On July 12, 2013, the Court denied the motion to remand and granted Bonner's motion to dismiss [DE 16].  The Court entered a Scheduling Order on July 17, 2013, setting the close of discovery for January 17, 2014, dispositive motions deadline for February 18, 2014, and trial for May 7, 2014 [DE17].

As Tipple has not filed a response to the motion to compel, the Court will use the facts

regarding the issue as set out by Kingsford and a review of the docket sheet for purposes of this

motion.    On September 13, 2013, Kingsford served "Defendant Kingsford Manufacturing

Company's First Set of Interrogatories to Plaintiff Tipple Enterprise, LLC" and "Defendant

Kingsford Manufacturing Company's First Set of Requests for Production of Documents to Plaintiff

Tipple Enterprise, LLC" [DE 22].   Tipple served its responses to the interrogatories and requests

for production on October 14, 2013 [DE 26].[1]

Following its review of the responses, counsel for Kingsford sent a letter to counsel for

Tipple, dated October 25, 2013, setting forth what it believed were the deficiencies in the responses

and requesting that Tipple's counsel either supplement the discovery or contact counsel by October

30, 2013, to discuss the outstanding issues. (See Exhibit B to Motion to Compel).    On November

8, 2013, having received no response from Tipple's counsel, counsel for Kingsford sent another

letter providing potential dates for a meet and confer conference to discuss the discovery issues and

advising Tipple's counsel that, pursuant to L.R.Civ. P. 37.02(b), Kingsford would be required to file

a Motion to Compel on November 18, 2013, if an agreement on the discovery could not be reached.

(See Exhibit C).

On November 13, 2013, still having received no response from Tipple's counsel, counsel for

Kingsford called Tipple's counsel to discuss the discovery issues.  According to Kingsford's motion,

Tipple's counsel advised that he had been out of the office due to health issues and had not had an

opportunity to review the October 25, 2013, correspondence, and that he would have to review that

[1]The date is that on which Tipple's Certificate of Service was filed.  Kingsford states that
it received the responses on October 17, 2013, which would be one day late.  Kingsford does not
argue for resolution based on untimeliness of the original responses, however.

letter and the discovery responses before he could discuss Kingsford's request that the discovery be supplemented.  Counsel for Kingsford requested that Tipple agree to a stipulation extending the time period by which Kingsford must file a Motion to Compel, to give counsel an opportunity to review the letter and responses.  According to Kingsford's motion, counsel for Tipple would not agree to a stipulated extension of time and would let Kingsford's counsel know if he agreed to such a stipulation after he had reviewed the issue.  Counsel for Kingsford reminded Tipple's counsel that any motion to compel was due in five days (November 18, 2013), or Kingsford would risk waiving its right to file any such motion.

On November 18, 2013, Kingsford's counsel again attempted to contact Tipple's counsel in an attempt to avoid filing the instant Motion to Compel, but Tipple's counsel did not respond. Kingsford therefore filed the instant motion to compel.  As of December 6, 2013, there are no docket entries for any Certificates of Service reflecting any further responses or supplementation of responses.  Nor did Tipple respond to the Motion to Compel and the time to do so has passed.  The Court notes that on December 5, 2013, Kingsford filed a Motion for Extension of Time to Complete Discovery [DE 30], for other reasons.  Absent the motion being granted, discovery is closed on January 17, 2013.

Kingsford specifically moves the Court to compel Tipple to provide complete discovery responses to Interrogatories 8, 9, 10, and 11, and to Request for Production No. 22.

Fed. R. Civ. P. 26(b)(1) provides:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

This matter involves a contract between Tipple and Kingsford, beginning on December 3, 2010, and continuing for two years. (See Complaint). The "Agreement" provided that Tipple would sell and Kingsford would purchase at least 24,000 "as received" tons per year of wood waste. Tipple avers that it was ready, willing, and able to provide and sell a minimum of 24,000 tons of wood waste, but Kingsford refused to purchase the wood waste in accord with the agreement. Tipple complains that the acts, conduct, and omissions of Kingsford resulted in injury and damage to it, including compensatory damages; punitive damages; damages for annoyance, aggravation, and inconvenience; and interest, attorneys fees and costs.

In its Counterclaim, Kingsford states that Tipple failed to deliver the agreed-upon tonnage during the initial (one year) term of the agreement. Kingsford provided oral notices and opportunities to Tipple during the Initial Term to cure the breaches but Tipple failed to do so within the 20 days required by the agreement, allowing Kingsford to terminate the agreement. Kingsford further alleges it inadvertently overpaid for each ton delivered during the initial and renewal term, and that, although it notified Tipple of the inadvertent overpayment and requested reimbursement, Tipple failed to respond to the request. Kingsford also requests compensatory and punitive damages; interest; and attorney's fees and costs.

The requests and responses at issue are as follows:

**INTERROGATORY NO. 8**: Please set forth, in detail, all elements of damages that you claim in this matter, including a description of the type of damages sought; the amount of damages for each element; an explanation for the factual basis for this amount; the method or methods used to calculate this amount; a description of all documents upon which these calculations are based; and the names and addresses of all fact and expert witnesses who will testify in support of these damages.

**ANSWER**: Presently, the plaintiff believes that the damages for breach of contract total $698,566.99. Further, the plaintiff believes that the breach of contract was

purposeful causing the plaintiff additional damages.  The plaintiff reserves the right to supplement this response as discovery is not complete and if additional information becomes available.

**INTERROGATORY NO. 9**: If you claim that you altered your financial and/or business position in order to comply with any contractual obligation, please state any and all instances and manners in which you did so.

**ANSWER**: Presently, the plaintiff states that additional equipment was purchased to meet the contractual obligations.  The plaintiff reserves the right to supplement this response as discovery is not complete and if additional information becomes available.

**INTERROGATORY NO. 10**: Please identify each delivery of wood waste from Plaintiff to Kingsford between December 3, 2010, and December 3, 2012, including agreed upon price per ton, the actual price paid per ton by the Defendant for each delivery, the quantity delivered, the dates of delivery, and the dates of payment for said deliveries.

**ANSWER**: Presently, your attention is directed to the responses of the defendant to discovery.  The plaintiff is in the process of obtaining the weigh slips for the deliveries.  The plaintiff reserves the right to supplement this response as discovery is not complete and if additional information becomes available.

**INTERROGATORY NO. 11:** Please identify each and every occasion and/or communication in which Kingsford refused to purchase or accept delivery of wood waste from the Plaintiff between December 3, 2010, and March 31, 2012, including the individual(s) involved in each occasion and/or communication, and the time and place of each occasion and/or communication.

**ANSWER**: Presently, the plaintiff recalls in approximately mid 2011 having one or more discussions with Mr. Bonner as a representative of the defendant regarding the status of wood waste delivery.  At that time Mr. Bonner advised the plaintiff that no further wood waste product was necessary as the defendant had a more than sufficient supply.  Additionally, representatives of the plaintiff recall that in March of 2012 the plaintiff was advised to not deliver any wood waste products until further informed.  Representatives of the plaintiff recall that on or about October, 2012 the plaintiff was told to resume sending wood waste products to the defendant.  Any communication between the plaintiff and the defendant would have been between Mitchell Stemler and James Raines, both on behalf of the plaintiff, and Mr. Bonner on behalf of the defendant.  The Plaintiff reserves the right to supplement this response as discovery is not complete and if additional information becomes available.

**REQUEST FOR PRODUCTION NO. 22**: Please provide all documents reflecting payments by Kingsford to Tipple from December 3, 2010, until December 3, 2012.

**RESPONSE**: The plaintiff is in the process of collecting any such documents that are available.  However, the plaintiff directs your attention to the defendant's responses to discovery.

The Court finds all of the discovery requests at issue are relevant to one or both of  the parties' claims or defenses.  Further, the discovery requests are all reasonably calculated to lead to the discovery of admissible evidence.  The information sought is therefore discoverable.

Significantly, Tipple did not object to any of the discovery requests.  Even had it objected, the Court would find that the information requested did not involve any privilege and does not appear burdensome.  Finally, the Court finds that the information sought should be readily available to Tipple.

The responses to the requests are, to put it mildly, insufficient. Further,  directing Kingsford to its own discovery responses makes no sense.  The main disputes in this case are whether one or the other party breached the contract and, if so, the damages incurred from the breach.  Kingsford is entitled to discover information Tipple has in support of its position that Kingsford breached the contract and in support of the damages it seeks.  Tipple has had nearly three months to "collect" the information necessary to adequately and completely respond to the discovery requests.

For the above reasons, Kingsford's Motion to Compel [DE 27] is **GRANTED**.  Tipple shall serve adequate and complete responses within ten (10) calendar days of entry of this Order.  Tipple is directed to Kingsford's Motion to Compel for direction on the information required to respond satisfactorily.

In accord with F.R.Civ.P. 37(a)(5)(A), Kingsford shall submit and serve on Tipple's counsel of record its claim for "reasonable expenses," if any, including attorneys' fees, necessitated by the conduct of the party and / or party's attorney which necessitated the filing and prosecution of the subject motion to compel by December 17, 2013.  Tipple  shall have until December 31, 2013, to file any written objection it may have to the reasonableness of the claimed expenses.  Only in the event Kingsford files a claim for expenses and Tipple  timely objects, will the court schedule  "an opportunity to be heard" hearing on the reasonableness of the fees and costs claimed.

**IT IS SO ORDERED.**

The Clerk  is directed to provide a copy of this order to counsel of record.

DATED: December   11 , 2013.

*John S. Kaull*
**JOHN S.  KAULL**
**UNITED    STATES    MAGISTRATE    JUDGE**